UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
REUBEN JOSEPH,

                    Plaintiff,

            -against-

THE CITY OF NEW YORK, Detective Armando Countinho, Shield No. 1913, Police Officers JOHN DOE ONE through TEN in their individual and official capacities as employees of the City of New York,

                    Defendants.
------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

CV 15 6814

DEARIE, J.

LEVY, M.J.

FILED CLERK
2015 NOV 30 PM 4:13
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

    The Plaintiff, REUBEN JOSEPH, by his attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

    1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

    2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the

United States Constitution. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

**JURISDICTION**

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

**VENUE**

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

**PARTIES**

6. Plaintiff REUBEN JOSEPH ("plaintiff" or "Mr. Joseph") is a resident of Kings County in the City and State of New York and of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the

2

NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Detective Armando Countinho, Shield No. 1913 ("Countinho"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Smith is sued in his individual and official capacities.

9. Defendant Detective Countinho at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. At all times relevant defendants Police Officers John Doe One through Ten were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Ten.

11. At all times relevant herein, defendants John Doe One through Ten were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Ten are sued in their individual and official capacities.

12. Defendant Police Officers John Doe One through Ten, at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

3

13. At all times relevant herein, all individual defendants were acting under color of state law.

14. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

15. The City was at all material times the public employer of defendant officers named herein.

16. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

**FACTUAL ALLEGATIONS**

17. Plaintiff is an African-American male.

18. On or about January 15, 2014, at approximately 8:00 am plaintiff was at his home in Brooklyn, New York when several defendants entered plaintiff's apartment without a warrant and arrested plaintiff without a probable cause.

19. Plaintiff was handcuffed and taken to a police Precinct.

20. Then plaintiff was taken Brooklyn Central Booking, and later to Rikers Island.

4

21. All charges against Plaintiff were false and later dismissed after more than twelve (12) months of incarceration in January of 2015.

22. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

23. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

24. All of the above was done in violation of state and federal law.

25. The conduct of the defendant officers proximately caused plaintiff to sustain emotional injury, mental anguish, humiliation and embarrassment.

26. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

   i. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States

5

Constitution to be free from unreasonable search and seizure of his person;

ii. Loss of his physical liberty;

iii. Emotional trauma and suffering.

## FIRST CLAIM
## 42 U.S.C. § 1983

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants, by their conduct toward plaintiff alleged herein, violated plaintiff's rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

29. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

35. Plaintiff was conscious of his confinement.

36. Plaintiff did not consent to his confinement.

37. Plaintiff's confinement was not otherwise privileged.

38. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Abuse Of Process

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants issued legal process to place Plaintiff under arrest.

7

42. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their unlawful entry into their home and their assaults of them.

43. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Negligent Hiring/Training/Retention/Supervision Of Employment Services

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

47. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

48. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

8

49. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

50. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Intentional Infliction of Emotional Distress

51. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52. By reason of the foregoing, and by assaulting, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

53. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

54. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the

9

defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior.*

55. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Infliction of Emotional Distress

56. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

57. By reason of the foregoing, and by assaulting, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

58. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

59. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the

defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

60. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### EIGHTH CLAIM
### Failure To Intervene

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

63. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth And Fourteenth Amendments.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### NINETH CLAIM
### *Monell*

65. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

66. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

67. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

68. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

69. City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

70. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

71. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a jury trial.

DATED: November 30, 2015
Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York

13